UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENE E. TURNER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:06-cv-0155-DFH-WTL |
| | ) |
| BUSKE LINES, INC., | ) |
| | ) |
| Defendant. | ) |

ENTRY ON MOTION TO REMAND

The issue here is whether the defendant removed this action within thirty days after it received the complaint and summons, as required by 28 U.S.C. § 1446(b). The relevant facts are sparse and leave some unanswered questions, but the undisputed facts show that the removal here came too late. The case must be remanded to state court, and under 28 U.S.C. § 1447(c), plaintiff is entitled to his attorney fees incurred as a result of the removal.

Plaintiff Gene E. Turner, Jr. filed this action in state court on September 30, 2005. He alleged that on June 18, 2004, he drove his truck to defendant's warehouse in Indianapolis to pick up a load. He alleges that defendant's employees negligently loaded his truck, causing injury to him.

Defendant Buske Lines, Inc. is an Illinois corporation, and it had registered as required with the Indiana Secretary of State. See Ind. Code § 23-1-49-1 *et seq.* (registration requirements for foreign corporations). Plaintiff's counsel first sent the complaint and summons to the attorney listed by the Secretary of State as the registered agent for the corporation. The documents were returned to plaintiff's counsel on October 4, 2005 with the notation of an invalid address. It turns out that the attorney who was the registered agent had died about two years earlier.

Plaintiff's counsel then sent the complaint and summons on November 15, 2005 by certified mail to the "Highest Ranking Officer" of defendant at the address on file with the Indiana Secretary of State's office, an address on Old Highway 66 in Litchfield, Illinois. The certified mail receipt shows a signature acknowledging receipt on December 5, 2005. There is an additional notation of a Post Office Box number.

The next event was that defendant's attorney called plaintiff's attorney on December 30, 2005, said he was going to appear for defendant, and asked when defendant had been served. Plaintiff's counsel told him of the December 5, 2005 receipt and told him also that there would be no attempt to default defendant because it had hired counsel. Defendant's counsel filed an appearance in state court on January 4, 2006, and then filed removal papers on January 27, 2006 on the basis of the federal courts' diversity jurisdiction. Plaintiff quickly moved to remand on the ground that the removal came too late, three weeks after the 30-

day deadline in § 1446(b) had expired. Defendant argues that the thirty-day period had not even begun to run at the time of removal because plaintiff had not yet sent the summons and complaint to a current and valid address of the defendant.

*Untimely Removal*

The governing statute is 28 U.S.C. § 1446(b). It provides in relevant part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." The initial pleading in this case was the complaint. The Supreme Court has held that the thirty-day period is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that defendant's receipt of facsimile of complaint unaccompanied by formal service of summons did not invoke state court's jurisdiction over defendant and therefore did not trigger statutory deadline).

Under *Murphy Brothers,* the issue is whether plaintiff effected valid service of process on or about December 5, 2005 by sending the summons and complaint to the highest ranking officer at the address defendant had on file with the Indiana

<in*** 

day deadline in § 1446(b) had expired. Defendant argues that the thirty-day period had not even begun to run at the time of removal because plaintiff had not yet sent the summons and complaint to a current and valid address of the defendant.

*Untimely Removal*

The governing statute is 28 U.S.C. § 1446(b). It provides in relevant part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." The initial pleading in this case was the complaint. The Supreme Court has held that the thirty-day period is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that defendant's receipt of facsimile of complaint unaccompanied by formal service of summons did not invoke state court's jurisdiction over defendant and therefore did not trigger statutory deadline).

Under *Murphy Brothers,* the issue is whether plaintiff effected valid service of process on or about December 5, 2005 by sending the summons and complaint to the highest ranking officer at the address defendant had on file with the Indiana

Secretary of State's Office. Indiana law requires each foreign corporation authorized to do business in Indiana to maintain continuously in Indiana a registered office and a registered agent in Indiana for service of process. Ind. Code § 23-1-49-7. For service of process on foreign corporations, Indiana law provides:

> (a) The registered agent of a foreign corporation authorized to transact business in Indiana is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation.
>
> (b) A foreign corporation may be served by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation or other executive officer, as that term is used in Trial Rule 4.6(A)(1), at its principal office shown in its application for a certificate of authority or in its most recent annual report if the foreign corporation:
>
>> (1) has no registered agent or its registered agent cannot with reasonable diligence be served;
>>
>> (2) has withdrawn from transacting business in Indiana under IC 23-1-50; or
>>
>> (3) has had its certificate of authority revoked under IC 23-1-51-2.
>
> (c) Service is perfected under subsection (b) at the earliest of:
>
>> (1) the date the foreign corporation receives the mail;
>>
>> (2) the date shown on the return receipt, if signed on behalf of the foreign corporation; or
>>
>> (3) five (5) days after its deposit in the United States mail, if mailed postpaid and correctly addressed.
>
> (d) This section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation.

Ind. Code § 23-1-49-10.

The record before the court shows that plaintiff made valid service upon defendant under this section. Plaintiff first tried to serve the registered agent, which should be sufficient under Section 10(a). One may wonder whether it was plaintiff's responsibility to go further or whether defendant's failure to name a new registered agent upon the death of the first was the defendant's responsibility. See *Brown-Ketcham Iron Works v. George B. Swift Co.*, 100 N.E. 584, 590 (Ind. App. 1913) (in case of death or resignation of agent for service of process, foreign corporation was responsible for appointing another agent). That question need not be answered here. Plaintiff then turned to Section 10(b) and sent the summons and complaint to the principal office on file with the Secretary of State's office. That was sufficient under Indiana law. The receipt of the summons and complaint was acknowledged on December 5, 2005. Under Section 10(c), service was perfected as of that date, and the thirty-day clock for removal began to run on December 5th. Defendant's removal on January 27, 2006 came too late, so the case must be remanded.

To avoid this result, defendant relies on evidence that the Litchfield, Illinois address is outdated, that it has not maintained operations at the address since February 2001. Defendant also contends that there is plenty of current information about its locations readily available both from its own website and the Illinois Secretary of State's office. Defendant also notes that plaintiff identified the current address of defendant's Indianapolis operations in the complaint, which is the location where plaintiff alleges he was injured.

In essence, defendant argues that plaintiff's attorney, after learning that the registered agent listed with the Indiana Secretary of State's office had died, should have surmised that the address information might also be out of date, and therefore should have made additional efforts to locate a more current address for the defendant. To support this result, defendant relies on the general principle that notice must be reasonably calculated to provide actual notice under the circumstances. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Morrison v. Professional Billing Services, Inc.*, 559 N.E.2d 366, 368 (Ind. App. 1990) (holding that service was invalid when first service was on invalid address, second service effort was to the same address, and defendant had better address). Defendant also tries to go a step further by arguing that *Morrison* imposes on plaintiff a duty to use the best available method to give defendant actual notice of the suit.

This theory has no foundation in fact or law. First, as a matter of fact, defendant does not deny that it actually received the complaint and summons on December 5, 2005. Defendant also has offered no explanation as to how its attorney learned of the case so that he knew to contact plaintiff's counsel in the December 30th telephone call. The court can and should assume that defendant received the complaint and summons on December 5, 2005.

Second, as a matter of law, plaintiff did all that was necessary. Defendant is fortunate that plaintiff elected not to pursue a default judgment. Plaintiff's

actions were fully consistent with the general principle that notice must be reasonably calculated to give actual notice. As applied to foreign corporations, a plaintiff is entitled to rely on the statutes and procedures for serving such defendants. Plaintiff did not make a futile second effort to serve the deceased registered agent. Instead, he turned to the second option under the statute, to serve an officer at the principal office designated in the foreign corporation's filings with the Indiana Secretary of State. That effort was successful.

As a matter of law, defendant has not offered any authority even suggesting, let alone holding, that a plaintiff suing a foreign corporation is not entitled to rely on the information on file with the domestic state's corporations office. If the information on file was out of date, it was *defendant's* responsibility to keep it up to date. See Ind. Code § 23-1-49-7 (foreign corporation required to maintain registered office and agent in Indiana continuously).

Defendant relies on the *Morrison* case to assert that the federal Constitution requires a plaintiff to use "the method best available to it" to give the defendant actual notice of the suit, 559 N.E.2d at 368, and to suggest that plaintiff should have been required to serve it based on information in the Illinois Secretary of State's office or at its Indianapolis address. *Morrison* obviously is not controlling here. First, the defendant in *Morrison* did not receive actual notice of the suit before default judgment was entered. Defendant in this case clearly did receive actual notice through service on the Litchfield address. Second, Dr. Morrison was

an individual human being. She was not required to file information with the Secretary of State or to appoint a registered agent.

Defendant in this case is a corporation. It has chosen to take advantage of limited liability and other benefits of the corporate form, and it has chosen to do business outside its state of incorporation. It is perfectly free to do so, of course, but it is required to comply with the ordinary and non-discriminatory statutory requirements for protecting the interests of Indiana residents when it chooses to do business here. Those requirements include filing information with the Indiana Secretary of State so that Indiana residents may easily obtain valid service of process in the state courts. There is no need for Indiana plaintiffs to question the accuracy of the information on file, and there was no reason to question the accuracy of the principal address in this case, *especially when the service was successful* – receipt was acknowledged.

*Attorney Fees*

Plaintiff has requested an award of attorney fees under 28 U.S.C. § 1447(c), which allows a court remanding a case to order payment of costs and fees "incurred as a result of the removal." The Seventh Circuit had established a presumption in favor of such awards. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000). The Supreme Court has adopted more recently a different standard in *Martin v. Franklin Capital Corp.*, 546 U.S. —, 126 S. Ct. 704

(2005), holding that courts may award fees under Section 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal.

Defendant in this case lacked an objectively reasonable basis for seeking removal.  First, defendant received actual service and notice of this action in compliance with Indiana law on December 5, 2005.  It has not made any effort to deny such actual notice and receipt.  Second, to support its arguments under Section 1446(b), defendant has sought to use its own failures to comply with Indiana law to excuse its own failure to file a timely removal notice.  It has offered no cogent argument as to why plaintiff should be held responsible for defendant's own failures to comply with Indiana law, especially when it received actual notice.  This was an objectively unreasonable basis for a late removal, and fees should be awarded here.

Accordingly, the action is hereby remanded to the Marion Superior Court.  This court retains jurisdiction over the issue of attorney fees.  Plaintiff may submit a petition **no later than March 24, 2006**, and defendant may respond no more than fourteen days later.  The court will decide the amount to award based on the written submissions unless either side requests an evidentiary hearing.

So ordered.

Date:  March 7, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Nicholas Calvin Deets
HOVDE LAW FIRM
ndeets@hovdelaw.com

Eric K. Habig
SCOPELITIS GARVIN LIGHT & HANSON
ehabig@scopelitis.com